

[:In my private capacity:]
[:Notice of liability - Non negotiable:]
[:Bills of the Lading:]

:Brian-Douglas:Rogers:
:copy-right/copy-claim:
[:% 2446 Wrangler Walsh ln:]
[:Henderson, Nevada [89002] :]
[:Monday: ~July 15 , 2019:]
RE# RB 506580046 US

[:Written in plain language to assist:]

[:United States Attorney:]
[:District of Nevada:]
[:Nevada Bar. No. 13644:]
[:ROGER W. WENTHE:]
[:Assistant United States Attorney:]
[:Nevada Bar No. 8920:]
[:U.S. Attorney's Office:]
[:501 Las Vegas Boulevard South, Suite 1100:]
[:Las Vegas, Nevada 89101:]
[:Ph:702-388-6336:]
[:Email: roger.wenthe@usdoj.gov:]



[:Claim number RB 506580046 US :]

[:July 15, 2019, 2018 - Regarding Brian Rogers:]
[:case# 2:19-cv-00467:]

**For the C.-S.-S.-C.-P.-S.-G.-P.:- :Stop-and-correct-claim and voidance of perjury:**

: For the void of perjury, plaintiff to provide the oaths of all parties, title, and statutes, written in the Correct-Sentence-Structure-Communications-Parse-Syntax-Grammar-Performance.

[: PLAIN LANGUAGE - I am happy to discharge or settle any verified claims in the matter of case# 2:19-cv-00467 on the following conditions:].

~1. [: I request specific necessary proofs, as listed below in order to assist you with your matter, but I have not received several items we would require in order to proceed:].

1 of 24

~2. [: I have not received closure as to which dictionary or styles manual you are writing from in your documents, which I can easily refer to and understand as attached to the alleged contract in this matter, in this case that document is Complaint by United States of America:].

[: As a result of this non-clarity, this raises possible issues with Americans with Disabilities Act (ADA), the rule of Antitrust with the Federal Trade Commission, the Fair Debt Collection Practices act, and/or other acts such as 18 USC 1001, and 18 USC 1341 and 18 USC 1342 involving commercial communications and the Universal Postal Union and otherwise. One major concern has been the use of a non-correct name(s) and/or fictious similar name(s) being used for profit, and done so without my express written authorization.:].

~3. [I have received several documents which are attached, which I have questions of regarding areas of style, definitions, grammar, and explanation of [boxing] methods being used. See enclosed documents and markings which raise such questions I still have as of this time. There are substantial lack of definitions and syntax and grammar issues, make it impossible to understand and unconditionally accept any of these documents which now have been forensically analyzed and marked, to aid in your detailed response. Please respond and correct each marking and explain it to me with definitions, and sign to this under penalty of perjury as true, because I understand none of this at this time, even with or without counsel. A full correction with explanation of all terms, variable syntax, grammar issue notes, and boxing deletions relating to the four corners rule, is required to proceed:].

~4. [: My fee schedule for having to deal with this matter equals actual expenses plus **$400 per hour**, whereby I now have spent 8.0 hours on correspondence, in research and evidence gathering, for a total to this point of **$3,200** USD to date, plus expenses for postage, transportation, and fines as related to violation of federal or state laws as may be allowed. A final bill will be submitted once determined:].

~5. [: On examining your paperwork, we have come to the conclusion that there may be more than one person or party making these offers to contract. Therefore, all parties are equally and severally liable in their individual capacity for the final bill due:].

~6. [: In my law-abiding capacity and coming in honor, I require to see the following information before proceeding further with your offer:]:

~a. [: Of all parties receiving this notice, provide your full given Names using no abbreviations or all capitalized names, or fictious titles:].
~b. [: Your qualification and official capacity, with letters of appointment:].
~c. [: Evidence and proof of your mandate or authority and Bond, and actual state license, and not merely a BAR Union Membership Card if applicable as an attorney:].
~d. [: Oath of office copy with proper autographs accepting full liability:].
~e [: Your Anti Bribery statement as directed by the Foreign Corrupt Practices Act – Anti-Bribery Provisions, as was required when you took your oath, and I require your foreign registration statement which must be on file, as all those who take oaths become foreign at the time of the oath, per Title 22 USC Code 612.:]

~e. [: Complete validation of the any debt or charge claimed made, do so under oath, complete with original signatures of both parties on each side of the subject contract. This could also include a signed and sworn affidavit of a real party in interest who says I have harmed them. This would be required to proceed with an Article 3 jurisdiction and trial:].

~f. [: Correction of syntaxed documentation from all parties participating to bring a change of suit in this case, and the bonds they provided, including definitions and sources of words used, to protect and indemnify me in the event of a harm by those parties, plus their sworn evidence that they are acting within their official capacity. Personal addresses of those parties would also be required in the event these parties acted outside their authority, and therefore their private capacity:].

~g. [: I further require a copy of all tax forms you and all parties will file, resulting from profits derived from securities generated for the case. I require this disclosure, so I do not have to report such suspicious activity myself to IRS CID myself on a 4490 and 8281 or otherwise, regarding the possible unreported tax liability and taxable activity of those parties:].

[: You have 21 days from receipt to comply or be in default and therefore agree that your claim is withdrawn with prejudice regarding case# 2:19-cv-00467 or related cases. A separate final payable bill will also be provided at that time if another settlement arrangement is not made by that time. All other attempts to collect or proceed, shall be void action as agreed by all parties after that date:].

By: :Brian-Douglas:Rogers: July 15 2019
:Brian-Douglas:Rogers: [:for estate named: BRIAN ROGERS:]
:copy-right/copy-claim: [:with reservation of rights:]



[:Attachments Include:]:
[:Complaint for case# 2:19-cv-00467:]
[:Addendum with definitions:]
[:Live-Life claim:]
[:Certificate of Good Faith:]



4 of 24

STOP-AND-CORRECT :For the voidance of perjury, show me the laws, codes, statutes, rules, articles, regulations, ordinances, acts, legislation written in the correct-sentence-structure-communication-parse-syntax-grammar. FOR THE DEFINITIONS: ~0 conjunction, ~1 adverb, ~2 verb (by modification), ~3 adjective, ~4 pronoun, ~5 (pre)position ~6 article, ~7 noun, ~8 past time,~9 future time.

2 | United States Attorney

District of Nevada

NDG

3 | Nevada Bar. No. 13644

ROGER W. WENTHE

4 | Assistant United States Attorney

Nevada Bar No. 8920

5 | U.S. Attorney's Office

6 | 501 Las Vegas Boulevard South, Suite 1100

Las Vegas, Nevada 89101

7 | Ph: 702-388-6336

8 | Email: roger.wenthe@usdoj.gov

Symbol use is with the correction-notice.

___ = a negative prefix (underlined section of a word) = NO = No contract.

~ ND = non-defined terms = non defined symbol = No contract.

~ NDG = a Nom De Guerre - fiction name, not correct full name, dead fiction.

~//= Box= Boxing = removed from page section = No contract.

~VC = void continuum = double space/blank space area = No contract.

9 | *Attorneys for the United States*  [Same as Plaintiff them-self?]

10 | PE# RB506580046 US

:Brian- Rogers!
Copy- my-SOP-claim!

// Box

**UNITED STATES DISTRICT COURT**

11 | **DISTRICT OF NEVADA**

12 |

13 | United States Of America,    NDG    Case No.:    // Box

14 |          Plaintiff,                    **Complaint**

15 | v.

16 | LASR Clinic Of Summerlin, LLC;  NDG

Israel Villasenor; and Brian Rogers;

17 |

18 |          Defendants.

//

19 |    Plaintiff the United States of America, by its undersigned counsel, alleges as

20 | follows:    [is Plaintiff and counsel same party?]

21 |                    I.    **Introduction**

Box=void

22 |    1.    The United States (Plaintiff) brings this action against defendants LASR

Box                  Box

23 | Clinic of Summerlin, LLC (LASR); Israel Villasenor (Villasenor); and Brian Rogers

Box      9                        8

24 | (Rogers); to recover losses sustained by the Medicare Program.

8

25 |    2.    LASR received over $600,000 in payments from the Medicare program for

26 | false claims from January 2010 through the present.

27 |    3.    Medicare is a federally-funded program that provides medical insurance for

9                        8

28 | certain items and services to qualified people by qualified professionals.

1    4.    LASR, Villasenor and Rogers focused on maximizing Medicare and

2  Medicaid reimbursement for as many patients as possible while disregarding patients'

3  medical needs and regulatory requirements.

4    5.    Specifically, since at least 2010, LASR, Villasenor and Rogers knowingly

5  submitted or caused the submission of false claims to the Medicare program by: (a)

6  claiming CPT Code 20926, which describes a tissue graft, for a service which was not a

7  tissue graft; (b) claiming for services performed by someone other than the billing person;

8  (c) claiming for services not rendered by any person;  and (d) submitting or causing to be

9  submitted fraudulent records and statements in support of their false claims for payment to

10  the Medicare Program.

11    6.    As a result of this conduct, LASR, Villasenor, and Rogers are liable under

12  the False Claims Act, 31 U.S.C. § 3729, *et seq.* (the FCA), and the federal common law.

13    **II.    Jurisdiction And Venue**

14    7.    This Court has subject-matter jurisdiction over this action pursuant to 28

15  U.S.C. §§ 1331 and 1345 and 31 U.S.C. § 3732(a) and (b), and has supplemental

16  jurisdiction to entertain common law and equitable claims pursuant to 28 U.S.C. § 1367(a).

17    8.    This Court has personal jurisdiction over LASR, Villasenor, and Rogers

18  under 31 U.S.C. § 3732(a), because they have adequate minimum contacts with the United

19  States of America and the State of Nevada to make the assertion of personal jurisdiction

20  over them reasonable.

21    9.    Venue is proper in this action in the District of Nevada under 28 U.S.C. §

22  1391(b) – (c) and 31 U.S.C. § 3732(a), because LASR, Villasenor, and Rogers can be found

23  in, reside in, and have transacted business within this Court's jurisdiction, and acts that

24  they committed in violation of the FCA occurred within this district.

25    **III.    The Parties**

26    10.    Plaintiff in this action is the United States of America, suing on behalf of the

27  United States Department of Health & Human Services (HHS) and, specifically, its

28  operating division, the Centers for Medicare & Medicaid Services (CMS).  At all times

2

1  relevant to this Complaint, CMS was an operating division of HHS that administered and

2  supervised the Medicare and Medicaid Programs.

3      11.    Defendant LASR's operations are based in Las Vegas, Nevada.  At all times

4  relevant to this Complaint, LASR was engaged in the business of providing medical care

5  to, among others, individuals who were Medicare beneficiaries.

6      12.    Defendant Villasenor was, at all times relevant herein, a Doctor of

7  Chiropractic licensed to practice in the State of Nevada, and an officer of LASR.

8      13.    Defendant Rogers was, at all times relevant herein, a Doctor of Chiropractic

9  licensed to practice in the State of Nevada, and an officer of LASR.

10          **IV.    The Federal False Claims Act**

11      14.    The FCA provides, in part, that any entity that (1) knowingly presents, or

12  causes to be presented, a false or fraudulent claim for payment or approval; or (2)

13  knowingly makes, uses, or causes to be made or used, a false record or statement material

14  to a false or fraudulent claim, is liable to the United States for damages and penalties.  31

15  U.S.C. §§ 3729(a)(1)(A)-(B).

16      15.    To show that an entity acted "knowingly" under the FCA, the United States

17  must prove that the entity, with respect to the information:  (1) has actual knowledge of the

18  falsity of the information; (2) acts in deliberate ignorance of the truth or falsity of the

19  information; or (3) acts in reckless disregard of the truth or falsity of the information.  The

20  United States is not required to prove that the entity had the specific intent to defraud the

21  United States. 31 U.S.C. § 3729(b)(1).

22          **V.    The Medicare Program**

23      16.    Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395, *et seq.*, establishes

24  the Health Insurance for the Aged and Disabled Program, commonly referred to as the

25  Medicare Program (or Medicare).

26      17.    Medicare is a federal health insurance program for the elderly and disabled.

27  Medicare Part A provides insurance coverage for inpatient hospital care, home health care,

28  and hospice services. 42 U.S.C. § 1395c. Medicare Part B, which is involved in this action,

1 | provides supplemental coverage for other types of care, including physician encounters and

2 | services. *Id.* §§ 1395j, 1395k.

3 |     18.    A Medicare supplier, including a physician, is permitted to submit a claim

4 | for payment for certain procedures and services which are covered by Medicare Part B and

5 | which were actually performed by or incident to the services of that supplier. 42 CFR §§

6 | 414.20, 414.34, 424.5, 424.33.

7 |     19.    All healthcare suppliers, including LASR and its employed physicians, are

8 | obligated to comply with applicable statutes, regulations, and guidelines in order to be

9 | reimbursed by Medicare.  When participating in Medicare, a supplier has a duty to be

10 | knowledgeable of the statutes, regulations, and guidelines for coverage of services.

11 |     20.    Medicare reimburses suppliers for services rendered to Medicare

12 | beneficiaries by Medicare enrolled physicians.  Claims for those services are submitted

13 | using five-digit billing codes issued by the American Medical Association (AMA) known as

14 | Current Procedural Terminology (CPT) codes. 45 CFR § 162.1002(a)(5), (c).  During the

15 | time period relevant herein, the CPT Code books issued by the AMA contained the

16 | following instructions on their use:

> - "Select the name of the procedure or service that accurately identifies the
> service performed.  Do not select a CPT code that merely approximates the
> service provided. . . . Any service or procedure should be adequately
> documented in the medical record."
>
> - "Specific guidelines are presented at the beginning of each of the sections.
> These guidelines define items that are necessary to appropriately interpret
> and report the procedures and services contained in that section."
>
> - "For best coding results, you will need to use other reference materials in
> addition to your CPT coding books.  These references include medical
> dictionaries and anatomy books."

27 |     21.    The United States reimburses Medicare suppliers with payments from the

28 | Medicare Trust Fund, through CMS, as supported by American taxpayers.  CMS, in turn,

1    contracts with Medicare Administrative Contractors (MACs), to review, approve, and pay

2    Medicare bills, called "claims," received from health care suppliers like LASR and its

3    employed physicians. In this capacity, the MACs act on behalf of CMS.

4         22.     Payments are typically made by Medicare MACs directly to health care

5    suppliers like LASR or its employed physicians rather than to the patient. The Medicare

6    beneficiary usually assigns his or her right to Medicare payment to the supplier.

7         23.     Because it is not feasible for the Medicare program, or its contractors, to

8    review the patient files for the millions of claims for payments it receives from suppliers, the

9    Medicare program relies upon the suppliers to comply with the Medicare requirements,

10    and trusts the suppliers to submit truthful and accurate claims. Suppliers are reimbursed

11    under Medicare Part B based upon their submission of a claim, typically in electronic form

12    through a system known as Electronic Data Interchange (EDI).

13         24.     All procedures or services for which a provider seeks Medicare

14    reimbursement must be actually performed by the person reported to have performed

15    them, or incident to that person's services, and must be reasonable and medically

16    necessary as defined by CMS through regulations and other guidance.

17         25.     CMS has established a Medicare Part B fee schedule, which sets the amount

18    of payment Medicare will make for each procedure or level of care the supplier furnishes to

19    a patient on a particular day. 42 C.F.R. § 414.20.

20         26.     Once the supplier submits its claim to the MAC using EDI, if the patient has

21    assigned payment to the supplier, the claims are paid directly to the supplier.

22         27.     A provider's EDI number and password serve as a provider's electronic

23    signature. A supplier who submits claims using EDI agrees:

24         That it will submit claims that are accurate, complete, and truthful;

25         That it will retain all original source documentation and medical records pertaining

26         to any such particular Medicare claim for a period of at least 6 years, 3 months after

27         the bill is paid; . . .

28

1    That the CMS-assigned unique identifier number (submitter identifier) or NPI

2    [National Provider Identifier] constitutes the provider's legal electronic signature

3    and constitutes an assurance by the provider that services were performed as billed; .

4    . . and

5    That it will acknowledge that all claims will be paid from Federal funds, that the

6    submission of such claims is a claim for payment under the Medicare program, and

7    that anyone who misrepresents or falsifies or causes to be misrepresented or falsified

8    any record or other information relating to that claim that is required pursuant to

9    this agreement may, upon conviction, be subject to a fine and/or imprisonment

10   under applicable Federal law . . . .

11   Medicare Claims Processing Manual, ch.24, secs. 30.1, 30.2.A.5, 7, 10, 12.

12        28.    Federal law requires suppliers like LASR that receive funds under the

13   Medicare program to report and return any overpayments within specified time periods. 42

14   U.S.C. § 1320a-7k(d).

15            **VI.    LASR's Scheme of Submitting False and Fraudulent Claims**

16        29.    LASR and its contracted physicians and Villasenor and Rogers knowingly

17   submitted or caused to be submitted false or fraudulent claims to Medicare for procedures

18   and services that were either not performed as billed, not performed by the person

19   submitting the bill, or not performed by anyone.

20   **A.    The Submission of False Claims Using CPT Code 20926**

21        30.    During the time period relevant herein, CPT Code 20926 described the

22   following procedure: "Tissue grafts, other (e.g., paratenon, fat dermis)." The AMA note

23   adjacent to CPT Code 20926 stated: "(For harvesting, preparation, and injection[s] of

24   platelet-rich plasma, use 0232T)."

25        31.    Under Medicare regulations, a claim for performing CPT Code 20926 could

26   be submitted to Medicare by a physician but not by a Doctor of Chiropractic like Villasenor

27   or Rogers.  LASR therefore retained physicians to perform the services which would be

28   claimed using CPT Code 20926.

1    32.    Villasenor and Rogers instructed physicians employed by LASR to perform a

2    service for their patients consisting of drawing, centrifuging, and then reinjecting a portion

3    of a patient's own blood.  This procedure is known as prolotherapy.  This procedure did

4    not satisfy the descriptor for CPT Code 20926, because it was not a tissue graft.  This

5    procedure also was not covered by Medicare, because prolotherapy is not covered by

6    Medicare. Medicare National Coverage Decision 150.7.

7    33.    Villasenor and Rogers further instructed LASR physicians to falsely submit

8    claims to the MAC for prolotherapy, a noncovered service, by using CPT Code 20926, a

9    code which was covered by Medicare when a tissue graft was performed.  Villasenor and

10   Rogers further instructed LASR physicians to place false and misleading statements in their

11   medical records to create the false impression that the procedure described by CPT Code

12   20926 had actually been performed when it had not, including the following language:

13   "implantation of Erythrocytes to seal, fill, and replace lost or damaged tissues."

14   34.    The physicians employed by LASR complied with these instructions by

15   Villasenor and Rogers and submitted claims to the MAC.  When these physicians received

16   reimbursement from the MAC, they shared the reimbursement with LASR according to a

17   pre-established formula.

18   35.    The claims submitted to the MAC by the LASR physicians using CPT Code

19   20926 were false and fraudulent because they used a CPT Code which did not describe the

20   non-covered prolotherapy service they had performed. The false statements in these claims

21   were material to the MAC's payment decision, because if the submitters had truthfully

22   stated that the prolotherapy procedure they performed was not covered by Medicare, the

23   MAC would not have paid for those services.  LASR, Villasenor, and Rogers had actual

24   knowledge that these false claims had been submitted, and either had actual knowledge

25   that the claims were false, or acted in deliberate ignorance of whether the claims were false,

26   or acted in reckless disregard of whether the claims were false.

27

28

7

1   36.   Examples of false claims submitted by or on behalf of LASR physicians and

2   caused to be submitted by Villasenor and Rogers which improperly used CPT Code 20926

3   include the following:

4   • On or about October 26, 2016, Graham Wilson, M.D. (Wilson), a LASR

5     physician, submitted a claim to the MAC falsely stating that he had

6     performed CPT Code 20926 on LASR patient G.B. on October 7, 2016; the

7     MAC approved the claim and paid $348.30 for this procedure.

8   • On or about November 22, 2016, Wilson submitted a claim to the MAC

9     falsely stating that he had performed CPT Code 20926 on LASR patient G.B.

10    on November 3, 2016; the MAC approved the claim and paid $348.30 for this

11    procedure.

12   37.   The United States suffered damage by paying for claims submitted by LASR

13   physicians using CPT Code 20926 that were actually not covered by Medicare.

14   **B.    The Submission of False Claims Not Performed by the Claiming Physician**

15   38.   During the time period relevant herein, Villasenor and Rogers instructed

16   LASR physicians or LASR billing personnel to submit claims to the MAC for services

17   which had been performed by a supplier other than the supplier whose name appeared on

18   the claim as the supplier performing the service.

19   39.   The physicians and billers employed by LASR complied with these

20   instructions by Villasenor and Rogers and submitted claims to the MAC.  When these

21   physicians received reimbursement from the MAC, they shared the reimbursement with

22   LASR according to a pre-established formula.

23   40.   The claims submitted to the MAC by the LASR physicians falsely

24   identifying the supplier were false and fraudulent because they falsely stated the identity of

25   the person allegedly performing the services. The false statements in these claims were

26   material to the MAC's payment decision, because if the submitters had truthfully stated

27   that the procedure had not been performed by the submitting biller or incident to that

28   biller's services, the MAC would not have paid the submitting biller for those services.

8

1  LASR, Villasenor and Rogers had actual knowledge that these false claims had been

2  submitted, and either had actual knowledge that the claims were false, or acted in

3  deliberate ignorance of whether the claims were false, or acted in reckless disregard of

4  whether the claims were false.

5      41.    Examples of false claims submitted by or on behalf of LASR physicians and

6  caused to be submitted by Villasenor and Rogers falsely identifying the supplier include the

7  following:

8    • On or about October 20, 2016, Wilson submitted a claim to the MAC falsely

9      stating that he had performed a series of procedures on LASR patient G.B. on

10     September 29, 2016, when in fact no record of Wilson performing such a service

11     existed, and instead a pre-prepared record stated that services had been

12     performed on that date on patient G.B. by Jacqueline Leventhal, D.O.

13     (Leventhal), a LASR physician; the MAC approved these claims and paid a total

14     of $457.92 for these procedures.

15   • On or about November 8, 2016, Wilson submitted a claim to the MAC falsely

16     stating that he had performed a series of procedures on LASR patient G.B. on

17     October 20, 2016, when in fact no record of Wilson performing such a service

18     existed, and instead a pre-prepared record stated that services had been

19     performed on that date on patient G.B. by Leventhal; the MAC approved these

20     claims and paid a total of $457.92 for these procedures.

21     42.    The United States suffered damage by paying for claims submitted by LASR

22  physicians that were not actually performed by the billing supplier.

23     **C.    The Submission of False Claims For Services Not Performed**

24     43.    During the relevant time period herein, CPT Code 64450 described the

25  following procedure: "Injection, anesthetic agent; other peripheral nerve or branch."  This

26  injection procedure is commonly referred to as a nerve block injection.

27     44.    During the time period relevant herein, Villasenor and Rogers instructed

28  LASR physicians or LASR billing personnel to submit claims to the MAC for performing

9

1    nerve block injections on LASR patients which had not actually been performed by any

2    supplier.

3         45.     The physicians and billers employed by LASR complied with these

4    instructions by Villasenor and Rogers and submitted claims to the MAC. When these

5    physicians received reimbursement from the MAC for nerve block injections, they shared

6    the reimbursement with LASR according to a pre-established formula.

7         46.     The claims submitted to Medicare by the LASR physicians for nerve block

8    injections were false and fraudulent because they falsely stated that this procedure had been

9    performed when it had not in fact been performed. The false statements in these claims

10    were material to the MAC's payment decision, because if the submitters had truthfully

11    stated that the procedure they claimed to have performed had not been performed, the

12    MAC would not have paid for those services. LASR, Villasenor, and Rogers had actual

13    knowledge that these false claims had been submitted, and either had actual knowledge

14    that the claims were false, or acted in deliberate ignorance of whether the claims were false,

15    or acted in reckless disregard of whether the claims were false.

16         47.     Examples of false claims submitted by or on behalf of LASR and caused to

17    be submitted by Villasenor and Rogers which improperly used CPT Code 64450 include

18    the following:

19         •    On or about October 26, 2016, Wilson submitted a claim to the MAC falsely

20           stating that he had performed CPT Code 64450 on LASR patient G.B. on

21           October 7, 2016; the MAC approved the claim and paid $32.28 for this

22           procedure.

23         •    On or about November 22, 2016, Wilson submitted a claim to the MAC

24           falsely stating that he had performed CPT Code 64450 on LASR patient G.B.

25           on November 3, 2016; the MAC approved the claim and paid $32.28 for this

26           procedure.

27         48.     The United States suffered damage by paying claims submitted by LASR

28    physicians for services that were not actually performed.

<div style="text-align:center">

**First Cause Of Action**

**(False or Fraudulent Claims)** :Box = void

**(False Claims Act-31 U.S.C. § 3729(a)(1)(A))** :Boxing=void

</div>

1        49.      The United States re-alleges and incorporates by reference the allegations of

2 paragraphs 1 through 48.

3        50.      By virtue of the acts described above, LASR, Villasenor, and Rogers

4 knowingly presented or caused to be presented to an officer or employee of the United

5 States false or fraudulent Medicare claims for payment or approval, in violation of the False

6 Claims Act, 31 U.S.C. § 3729(a)(1)(A); that is, LASR, Villasenor, and Rogers knowingly

7 made or presented, or caused to be made or presented, to the United States claims for

8 payment for services that had not been performed as claimed.

[which definition?]

9        51.      By reason of the foregoing, the United States suffered actual damages in an

10 amount to be determined at trial and therefore is entitled to treble damages under the False

11 Claims Act, plus civil penalties of not less than $11,181 and not more than $22,363 per false

12 claim. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, as

13 amended by the Debt Collection Improvement Act of 1996, 28 U.S.C. § 2461 (notes), and

14 28 CFR § 85.5, civil penalties were adjusted to $11,181 to $22,363 for penalties assessed

15 after January 29, 2018.

<div style="text-align:center">

**Second Cause Of Action**

**(False Statements)** :Boxig=void

**(False Claims Act-31 U.S.C. § 3729(a)(1)(B))** :Boxing=void

</div>

16        52.      The United States re-alleges and incorporates by reference the allegations of

17 paragraphs 1 through 51.

18        53.      By virtue of the acts described above, LASR, Villasenor, and Rogers

19 knowingly presented or caused to be presented to an officer or employee of the United

20 States false or fraudulent Medicare claims for payment or approval, in violation of the False

21 Claims Act, 31 U.S.C. § 3729(a)(1)(B); that is, LASR, Villasenor and Rogers knowingly

<div style="text-align:center">

11          Page 15 of 24

</div>

1    made, used, or caused to be made or used, a false record or statement material to a false or

2    fraudulent claim.

3       54.    By reason of the foregoing, the United States suffered actual damages in an

4    amount to be determined at trial and therefore is entitled to treble damages under the False

5    Claims Act, plus civil penalties of not less than $11,181 and not more than $22,363 per false

6    claim.  Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, as

7    amended by the Debt Collection Improvement Act of 1996, 28 U.S.C. § 2461 (notes), and

8    28 CFR § 85.5, civil penalties were adjusted to $11,181 to $22,363 for penalties assessed

9    after January 29, 2018.

10                          **Third Cause Of Action**

11                        **(Payment by Mistake)**

12       55.    The United States re-alleges and incorporates by reference the allegations of

13    paragraphs 1 through 54.

14       56.    This is a claim by the United States for the recovery of monies paid directly or

15    indirectly to LASR, Villasenor, and Rogers by mistake for Medicare services that were not

16    performed as claimed.

17       57.    As a consequence of the conduct and the acts set forth above, LASR,

18    Villasenor, and Rogers were paid directly or indirectly by mistake by the United States in an

19    amount to be determined which, under the circumstances, in equity and good conscience,

20    should be returned to the United States.

21                        **Fourth Cause Of Action**

22                       **(Unjust Enrichment)**

23       58.    The United States re-alleges and incorporates by reference the allegations of

24    paragraphs 1 through 57.

25       59.    This is a claim by the United States for recovery of monies by which LASR,

26    Villasenor, and Rogers have been unjustly enriched.

27       60.    By virtue of the conduct and the acts described above, LASR, Villasenor, and

28    Rogers were unjustly enriched at the expense of the United States in an amount to be

<div align="center">12</div>

1 | determined, which, under the circumstances, in equity and good conscience, should be

2 | returned to the United States.

3 | <center>**Prayer For Relief And Jury Demand**</center>

4 | WHEREFORE, the United States respectfully prays for judgment in its favor as

5 | follows:

6 |     a.   As to First and Second Causes of Action (False Claims Act), against LASR,

7 | Villasenor, and Rogers, for: (i) statutory damages in an amount to be established at trial,

8 | trebled as required by law, and such penalties as are required by law; (ii) the costs of this

9 | action, plus interest, as provided by law; and (iii) any other relief that this Court deems

10 | appropriate, to be determined at a trial by jury.

11 |     b.   As to the Third Cause of Action (Payment Under Mistake of Fact), for: (i) an

12 | amount equal to the money paid by the United States through the Medicare Program to,

13 | and illegally retained by, LASR, Villasenor, and Rogers, plus interest; (ii) the costs of this

14 | action, plus interest, as provided by law; and (iii) any other relief that this Court deems

15 | appropriate, to be determined at a trial by jury.

16 |     c.   As to the Fourth Cause of Action (Unjust Enrichment), for: (i) an amount

17 | equal to the money paid by the United States through the Medicare Program to LASR,

18 | Villasenor, and Rogers, or the amount by which LASR, Villasenor, and Rogers were

19 | unjustly enriched, plus interest; (ii) the costs of this action, plus interest, as provided by law;

20 | and (iii) any other relief that this Court deems appropriate, to be determined at a trial by

21 | jury.

22 |     d.   And for all other and further relief as the Court may deem just and proper.

23 | The United States hereby demands a jury trial on all claims alleged herein.

24 | Respectfully submitted this 19th day of March 2019.

25 |                         NICHOLAS A. TRUTANICH   NDG

26 |                         United States Attorney

27 |                         *s/ Roger W. Wenthe*

28 |                         ROGER W. WENTHE
                            Assistant United States Attorney

<center>13</center>



; copy- right / copy -claim;





copy-right / copy-claim:

**[:Syntax analysis guide to attached documents- for [co]rrection:]**
:Brian-Douglas:Rogers:
PLENIPOTENTIARY-JUDGE, : AMBASSADOR, :POSTMASTER

FLAG OF THE CORRECT-SENTENCE-STRUCTURE-COMMUNICATIONS-PARSE-SYNTAX-GRAMMAR WITH THE CONTRACTING-PERSONS OF A CONTRACTUAL-POSTAL-CORPORATION

~HENDERSON~NEVADA~89002
:CELL~702-343-3830.
:EMAIL: brianrogersdc@live.com

:For the void of perjury, use Correct Sentence Structure Communications, Parse, Syntax, Grammar.

~0 conjunction
~1 adverb
~2 verb (by modification)
~3 adjective
~4 pronoun
~5 (pre)position
~6 article
~7 noun
~8 past time
~9 future time
*:For the claim of use quantum languages and violations by re-spondent:*
*:law violations are with this claim:*

**:Symbol use with the correction.**
~ ___ = a negative <u>prefix</u> (underlined section of a word) = NO = No contract.
~ ND = non-defined terms = non defined symbol = No contract.
~ NDG = a Nom De Guerre - fiction name, not correct full name, dead fiction.
~ // = B = Boxing = removed from page section = No contract.
VC = void continuum = double space/blank space area = No contract.

**:Law-consideration**
:Title~42: USCS~1986 Knowledge and Stop-Correct-Wrongs.
~FRCP-26-E :Closure
~FRCP-9-B: Fraud by confession
~Title~18: USCS~1001 & 1002: false-statements
~Title~15: USCS~1692E Fraud & Misleading Statements

~Title~15: USCS~78 ~ ff: Penalty: $25,000,000
~Title~42: USCS~1985-1: Conspiracy-Civil,
~Title~42: USCS~1985-2: Obstruction-evidence & Witness,
~Title~42: USCS~1985-3: Depriving Evidence & Witness,
~Title~18: USCS~1961: RICO
~Title~18: USCS~242: Coloring of the Laws = Ailing
~Title~18: USCS~241: Criminal-Conspiracy = tort
~Title~18: USCS~3: Criminal-Participation-Knowledge
~Title~42: USCS~1983: Personal Damages
~Title~18: USCS~1512: Obstruction of the Law
~Title~18: USCS~1341: Frauds and swindles
~Title~18: USCS~1342: Fictitious name or address
~Title~18: USCS~241: Conspiracy
~Title~18: USCS~242: Criminal Deprivation of Rights
~Title~28: USC~1359: Loss of Jurisdiction by Collusion

:AIDING: CORRUPTION AT THE START/BEGINNING
~JUSTICE~ JU=no, S=Speak, TI=Title, CE=Judge



:C.-S.-S.-C.-P.-S.-G.-P. FLAG OF THIS VESSEL: **RB 506603189 US**

## FOR THE CLAIMANT'S-KNOWLEDGE OF THS LIVE-LIFE IS WITH THIS CLAIM BY THIS CLAIMANT.

~1 FOR THE KNOWLEDGE OF THESE FACTS ARE WITH THE CLAIM OF THIS LIVE-LIFE-BIRTH ON THIS BIRTH-DATE OF THE SEVENTH-DAY-~THE JUNE-MONTH-~ IN THE-YEAR-~1973.

~2 FOR THESE WITNESS-KNOWLEDGE OF THIS LIVE-LIFE ARE WITH THESE CLAIMS OF THIS LIVE-LIFE-BIRTH/NATIVITY IN THE CITY-~SAINT GEORGE, STATE-~ UTAH, COUNTY~ WASHINGTON, WITH WITNESS, WITH THE PARENT-PARTIES: MOTHER: Rosalee Cox, FATHER: Douglas Rogers-~BY THEIR MARRIAGE-Joinder.

~3 FOR THE WITNESS-KNOWLEDGE OF THIS LIVE-LIFE-CLAIM ARE WITH THE CLAIM OF THIS LIVE-LIFE-BIRTH WITH AN AUTHORIZATION OF THESE (3) THREE-WITNESS-AUTOGRAPHS: :WITNESS-ONE, :WITNESS-TWO, :CLAIMANT.

~4 FOR THE WITNESS-KNOWLEDGE OF THESE FACTS ARE WITH THIS LIVE-LIFE-BIRTH-CLAIM WITH THIS CORRECT-SENTENCE-STRUCTURE-COMMUNICATION-PARSE-SYNTAX-GRAMMAR-PERFORMANCE OF THIS COMMUNICATIONS-CLAIM WITH THIS LIVE-LIFE-PARTY.

| PICTURE: | FINGERPRINT(FP): | HAIR |
|---|---|---|

  

*Isreal :Villagome :*
:WITNESS/ :AUTOGRAPH/:COPYCLAIM ~For the date: JULY- *12* 2019 FP:

*Nicole ~Renee : Torres :*
:WITNESS/ :AUTOGRAPH/:COPYCLAIM ~For the date: JULY- *12* 2019 FP:

*Brian - Douglas : Rogers :*          ~For the date: JULY- *12* 2019 FP:
:AUTOGRAPH-CLAIMANT-LIFEBIRTH :AUTOGRAPH/:COPYCLAIM-is with the
in-cluding of this ~DATE-~DAY-~MONTH-~YEAR by the now-time: ON-DEMAND: CLAIM.



21 of 24

: Brian - Douglas! Rogers!
: copy-right / copy-Claim!

## Certificate of Good Faith

Pursuant to LR IA 1-3 (f), I certify that on July 18, 2019, I did meet and confer with AUSA ROGER WENTHE in a good faith effort to resolve this matter, but the parties are at an impasse.

By: Brian-Douglas: Rogers:    July 18 2019

:Brian-Douglas:Rogers: [:for estate named: BRIAN ROGERS:]

copy-right/copy-claim:

23 of 24

