# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff(s),

v.

LASR CLINIC OF SUMMERLIN, LLC, et al.,

    Defendant(s).

Case No.: 2:19-cv-00467-GMN-NJK

**Order**

[Docket No. 31]

Pending before the Court is the Government's motion for entry of default against Defendants Villasenor and Rogers. Docket No. 31. Neither Mr. Villasenor nor Mr. Rogers filed a response in opposition.[1] The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Government's motion is **DENIED** without prejudice.

The crux of the instant motion is that default is warranted because Mr. Villasenor and Mr. Rogers failed to file answers by the deadline set by the Court. The Government contends that such a shortcoming warrants striking the documents purporting to be answers and entering default against Mr. Villasenor and Mr. Rogers. *See* Mot. at 5. As the Government correctly recognizes, before entering such severe sanctions, the Court considers numerous factors that include whether lesser sanctions are available. *See, e.g.*, *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012). To determine whether lesser sanctions are available, the Ninth Circuit looks to (1)

---

[1] Mr. Villasenor and Mr. Rogers are proceeding *pro se*, so the Court construes liberally the filings that they have made. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

whether this Court considered lesser sanctions; (2) whether it tried lesser sanctions; and (3) whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. *See, e.g.*, *id.* at 1170. Moreover, the conduct at issue must be due to willfulness, fault, or bad faith. *See, e.g.*, *id.* at 1169.

The Court certainly agrees with the Government that the "answers" filed by Mr. Villasenor and Mr. Rogers do not comply with the applicable requirements. *Compare* Fed. R. Civ. P. 8(b)(1) *with* Docket Nos. 23, 24. At the same time, a sufficient showing has not been made that entry of severe sanctions is appropriate at this time. Mr. Villasenor and Mr. Rogers at least filed something by the applicable deadline, even if those filings are deficient. Moreover, the Court has not tried lesser sanctions in this case nor warned against filing documents that do not comply with the rules. Lastly, while the Government posits that Mr. Villasenor and Mr. Rogers are simply obstructing the progress of this case, the Court finds that—especially given their *pro se* status—a sufficient showing has not been made at this stage regarding willfulness, fault, or bad faith.

In light of the circumstances, the severe sanctions sought by the Government are not warranted. Instead, the Court **WARNS** Mr. Villasenor and Mr. Rogers that they must comply with all applicable rules and deadlines in this case. Moreover, Mr. Villasenor and Mr. Rogers are hereby **ORDERED** to respond to the complaint through the filing of proper answers that comply with the governing rules by November 18, 2019. **FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE IMPOSITION OF SIGNIFICANT SANCTIONS, UP TO AND INCLUDING CASE-DISPOSITIVE SANCTIONS.**

For the reasons discussed above, the Government's motion is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: October 28, 2019

_____
Nancy J. Koppe
United States Magistrate Judge