**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:19-cv-00467-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| LASR CLINIC OF SUMMERLIN, LLC, *et al.*, ) ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is the Motion for Entry of Clerk's Default, (ECF No. 38), filed by pro se Defendants Israel Villasenor and Brian Rogers.[1] The Government filed a Response, (ECF No. 39), and Defendants Villasenor and Rogers filed Notices, (ECF Nos. 40, 41),[2] which the Court will liberally construe as Replies.

Also pending before the Court is the Government's Motion for a Declaration that this Action is Excepted from the Automatic Stay in Bankruptcy, (ECF No. 56). Defendants LASR Clinic of Summerlin, LLC, Villasenor, and Rogers (collectively, "Defendants") did not file a response.

**I.    BACKGROUND**

This case arises out of Defendants' alleged violations of the False Claims Act, 31 U.S.C. § 3729, *et seq*. (Compl., ECF No. 1). Plaintiff in this action is the United States of America, suing on behalf of the United States Department of Health & Human Services (HHS), and

---

[1] The Court is obligated to hold a pro se litigant to a different standard than a party who is represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The pleadings of a pro se litigant are "to be liberally construed" and "however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). However, the pro se litigant "should not be treated more favorably" than the party who is represented by counsel. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

[2] The Notices appear to be identical documents. It is unclear why Defendants Villasenor and Rogers filed the same document twice.

specifically, its operating division, the Centers for Medicare & Medicaid Services (CMS), to recover losses sustained by the Medicare Program (or "Medicare").[3] (*Id.* ¶¶ 1, 10). The Government alleges that Defendants knowingly submitted or caused the submission of false claims to the Medicare program by:

> (a) claiming [Current Procedural Terminology (CPT)] code 20926, which describes a tissue graft, for a service which was not a tissue graft; (b) claiming for services performed by someone other than the billing person; (c) claiming for services not rendered by any person; and (d) submitting or causing to be submitted fraudulent records and statements in support of their false claims for payment to the Medicare Program.

(*Id.* ¶ 5).

On March 1, 2019, Defendant Villasenor, together with his wife, filed a Voluntary Petition for Bankruptcy under Chapter 7 of the Bankruptcy Code. (Villasenor Bankr. Pet., Ex. A to Pl.'s Mot. Decl., ECF No. 56-2). Subsequently, Defendant Rogers, together with his wife, filed an Amended Petition for Bankruptcy under Chapter 7 of the Bankruptcy Code. (Rogers Bankr. Am. Pet., Ex. B to Pl.'s Mot. Decl., ECF No. 56-3).[4]

On March 19, 2019, the Government filed a Complaint, (ECF No. 1), asserting the following causes of action against Defendants: (1) false or fraudulent claims in violation of § 3729(a)(1)(A); (2) false statements in violation of § 3729(a)(1)(B); (3) payment by mistake; and (4) unjust enrichment.

On September 16, 2019, Defendants Villasenor and Rogers filed a Motion for Entry of Clerk's Default, (ECF No. 38). On March 25, 2020, the Government filed its Motion seeking a declaration that (1) the claims against Defendants Villasenor and Rogers "are excepted from the automatic stay in the their respective bankruptcies, under 11 U.S.C. § 362(b)(4)"; and (2) "this

---

[3] Medicare is a federally funded program for the elderly and disabled that provides medical insurance for certain items and services by qualified professionals. (*Id.* ¶¶ 3, 17).

[4] This Court may take judicial notice of "documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

case will proceed as against Villasenor and Rogers through the entry of judgment but will not include enforcement of that judgment against Villasenor or Rogers." (Pl.'s Mot. Decl. 5:8–12, ECF No. 56).  This Order now follows.

## II. DISCUSSION

### A. Motion for Entry of Clerk's Default

Defendants Rogers and Villasenor move for a clerk's entry of default against the Government.  A clerk's entry of default is governed by Federal Rule of Civil Procedure 55(a), which provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Here, Defendants have not filed any pleading seeking a judgment for affirmative relief against the Government.  Therefore, Rule 55(a) does not apply.  Because a clerk's entry of default would be inappropriate under the present circumstances, the Motion for Entry of Clerk's Default is denied.

### B. Motion for a Declaration that this Action is Excepted from the Automatic Stay in Bankruptcy

The Government seeks an order declaring that (1) the claims against Defendants Villasenor and Rogers "are excepted from the automatic stay in the their respective bankruptcies, under 11 U.S.C. § 362(b)(4)"; and (2) "this case will proceed as against Villasenor and Rogers through the entry of judgment but will not include enforcement of that judgment against Villasenor or Rogers." (Pl.'s Mot. Decl. 5:8–12, ECF No. 56).[5]  For the reasons discussed below, the Government's Motion is granted.

---

[5] Defendants have consented to the granting of the Government's Motion. *See* D. Nev. LR 7-2(a) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.").

Under federal bankruptcy law, "a petition [for bankruptcy] . . . operates as a stay [of] the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was . . . commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).  The stay is self-executing and effective upon filing a bankruptcy petition. *Griffin v. Wardrobe*, 559 F.3d 932, 934 (9th Cir. 2009).

The sweep of the automatic stay is broad and "serves as one of the most important protections in bankruptcy law." *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1214 (9th Cir. 2002) (citing *Hillis Motors, Inc. v. Hawaii Auto Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993)).  The stay "provides debtors with protection against hungry creditors" and "assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755–56 (9th Cir. 1995).  It also provides the debtor with some "breathing space" so that the debtor can focus on reorganization rather than the defense of pending litigation. *Hillis Motors*, 997 F.2d at 585.

But the reach of the automatic stay under the Bankruptcy Code is limited.  Indeed, "the Bankruptcy Code enumerates nearly thirty different statutory exceptions to the automatic stay." *In re Dingley*, 852 F.3d 1143, 1146 (9th Cir. 2017) (citing 11 U.S.C. § 362(b)(1)–(28)).  One such exception, § 362(b)(4), often called the "government regulatory exemption," provides that the automatic stay does not apply to "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment[.]" 11 U.S.C. § 362(b)(4).  This exemption "has been applied in a variety of contexts, including labor law enforcement, state bar disciplinary proceedings, and employment discrimination actions brought by the Equal Employment Opportunity Commission." *In re Universal Life Church,*

*Inc.*, 128 F.3d 1294, 1297 (9th Cir. 1997) *as amended on denial of reh' g* (Dec. 30, 1997) (internal citations omitted).

In the Ninth Circuit, courts have applied two alternative tests when determining whether government action falls under the government regulatory exemption: the pecuniary purpose test and the public policy test. *Id.* (citing *NLRB v. Cont'l Hagen Corp.*, 932 F.2d 828, 833 (9th Cir. 1991)). "Satisfaction of either test will suffice to exempt the action from the reach of the automatic stay." *City & Cnty. of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1124 (9th Cir. 2006) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1108 (9th Cir. 2005)).

Under the pecuniary purpose test, courts determine "whether the government action relates primarily to the protection of the government's pecuniary interest in the debtor's property or to matters of public safety and welfare." *Universal Life Church*, 128 F.3d at 1297 (citing *Cont'l Hagen*, 932 F.2d at 833). By contrast, under the public policy test, courts must determine whether the government's action is intended to either "effectuate public policy" or to "adjudicate private rights." *Cont'l Hagen*, 932 F.2d at 833 (quoting *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 942 (6th Cir. 1986)). If a court determines that the government's action is intended either to protect the government's pecuniary interest in the debtor's property or to adjudicate private rights, the government regulatory exemption does not apply and the automatic stay will be imposed. *Universal Life Church*, 128 F.3d at 1297. Actions brought by the United States under the False Claims Act have repeatedly been held to satisfy both of these tests. *See id.* at 1298 (citing *In re Commonwealth Cos., Inc.*, 913 F.2d 518 (8th Cir. 1990) for the proposition that "a civil suit brought pursuant to the Federal False Claims Act is sufficient to satisfy the section 362(b)(4) exception"); *United States v. Vanguard Healthcare, LLC*, 565 B.R. 627, 632 (M.D. Tenn. 2017) (finding the government's False Claims Act complaint meets both the pecuniary and public policy tests); *see also United States ex rel. Doe v. X, Inc.*, 246 B.R. 817, 818 (E.D. Va. 2000) (holding that a False Claims suit is a proceeding by a

governmental unit to enforce that unit's police or regulatory power and noting there is "ample authority" establishing that laws like the False Claims Act are meant to "prevent or stop fraud, or to fix damages for fraud already committed").

Here, the Court is satisfied that the instant action brought under the False Claims Act against Defendants falls within the § 362(b)(4) exception.  The Government's action can be properly characterized as an enforcement of police or regulatory powers under both the pecuniary purpose and public policy test.  While the last two counts of the four-count Complaint allege payment by mistake and unjust enrichment, the first two counts allege violations of the False Claims Act. *See In re McOuat*, 2016 WL 5947229, at *3 (Bankr. E.D.N.C. Oct. 13, 2016) (stating that "[t]his court is satisfied that the facts of this case fit well-settled case law: the United States' first three claims, all under the False Claims Act, fall within the § 362(b)(4) exception to the automatic stay," notwithstanding that the government also filed "common law fraud claims, including unjust enrichment and payment by mistake of fact").  The Government seeks to recover losses allegedly sustained by the Medicare Program—a federal health insurance program for the elderly and disabled, which is supported by American taxpayers.  Moreover, the public policy test is satisfied as this action is brought by the Government, as opposed to a *qui tam* action brought by a private citizen.  Thus, the Government intends to "effectuate public policy," not "adjudicate private rights." *Cont'l Hagen*, 932 F.2d at 833 (citations omitted).  Because the instant matter falls within the scope of § 362(b)(4)'s exception under either of the applicable tests, the Government's Motion is granted.

///

///

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Entry of Clerk's Default, (ECF No. 38), filed by Defendants Villasenor and Rogers is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion for a Declaration that this Action is Excepted from the Automatic Stay in Bankruptcy, (ECF No. 56), is **GRANTED**. Accordingly, the claims against Defendant Israel Villasenor and Defendant Brian Rogers are excepted from the automatic stay in their respective bankruptcies, under 11 U.S.C. § 362(b)(4). This case may proceed as against Defendants Villasenor and Rogers through the entry of judgment but will not include enforcement of the judgment against Villasenor or Rogers.

**DATED** this __12__ day of October, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court