# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:19-cv-00467-GMN-NJK |
| vs. | ) | |
| | ) | **ORDER** |
| LASR CLINIC OF SUMMERLIN, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 58), filed by pro se Defendants Israel Villasenor and Brian Rogers.[1] The Government filed a Response, (ECF No. 60), and Defendants Villasenor and Rogers filed a Reply, (ECF No. 61).[2]

Also pending before the Court is the Motion to Strike, (ECF No. 64), filed by Defendants Villasenor and Rogers. The Government filed a Response, (ECF No. 66), and Defendants Villasenor and Rogers filed a Memorandum, (ECF No. 67), which the Court will liberally construe as a Reply.

For the reasons discussed below, the Court **DENIES** the Motion to Dismiss and the Motion to Strike.

---

[1] The Court is obligated to hold a pro se litigant to a different standard than a party who is represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The pleadings of a pro se litigant are "to be liberally construed" and "however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). However, the pro se litigant "should not be treated more favorably" than the party who is represented by counsel. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

[2] Defendants Villasenor and Rogers also filed a Memorandum on August 5, 2020. (*See* Mem. to Mot. Dismiss, ECF No. 63). In the Memorandum, Defendants Villasenor and Rogers defend their use of CPT code 20926 and challenge the Government's use of the term "prolotherapy." (*See id*. 2:13–17).

## I.   **BACKGROUND**

This case arises out of Defendants LASR Clinic of Summerlin, Israel Villasenor, and Brian Rogers' (collectively, "Defendants'") alleged violations of the False Claims Act, 31 U.S.C. § 3729, *et seq*. (Compl., ECF No. 1).  Plaintiff in this action is the United States of America, suing on behalf of the United States Department of Health & Human Services (HHS), and specifically, its operating division, the Centers for Medicare & Medicaid Services (CMS), to recover losses sustained by the Medicare Program (or "Medicare").[3] (*Id.* ¶¶ 1, 10).  The Government alleges that Defendants knowingly submitted or caused the submission of false claims to the Medicare program by:

> (a) claiming [Current Procedural Terminology (CPT)] code 20926, which describes a tissue graft, for a service which was not a tissue graft; (b) claiming for services performed by someone other than the billing person; (c) claiming for services not rendered by any person; and (d) submitting or causing to be submitted fraudulent records and statements in support of their false claims for payment to the Medicare Program.

(*Id.* ¶ 5).

On March 1, 2019, Defendant Villasenor, together with his wife, filed a Voluntary Petition for Bankruptcy under Chapter 7 of the Bankruptcy Code. (Villasenor Bankr. Pet., Ex. A to Pl.'s Mot. Decl., ECF No. 56-2).  Subsequently, Defendant Rogers, together with his wife, filed an Amended Petition for Bankruptcy under Chapter 7 of the Bankruptcy Code. (Rogers Bankr. Am. Pet., Ex. B to Pl.'s Mot. Decl., ECF No. 56-3).[4]

On March 19, 2019, the Government filed a Complaint, (ECF No. 1), asserting the following causes of action against Defendants: (1) false or fraudulent claims in violation of 31

---

[3] Medicare is a federally funded program for the elderly and disabled that provides medical insurance for certain items and services by qualified professionals. (*Id.* ¶¶ 3, 17).

[4] This Court may take judicial notice of "documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

1  U.S.C. § 3729(a)(1)(A); (2) false statements in violation of 31 U.S.C. § 3729(a)(1)(B); (3)

2  payment by mistake; and (4) unjust enrichment. (Compl. ¶¶ 49–60).

3      On April 10, 2020, Defendants Villasenor and Rogers filed a Motion to Dismiss for

4  Failure to Join a Party under Federal Rule of Civil Procedure 12(b)(7). (*See* Mot. Dismiss, ECF

5  No. 58).  On August 24, 2020, Defendants Villasenor and Rogers then filed a Motion to Strike

6  portions of the Complaint as "false, impertinent, and scandalous." (*See* Mot. Strike 2:1–3, ECF

7  No. 64).  The Courts addresses the Motions in turn.

8  **II.**   **LEGAL STANDARD**

9      **A. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(7)**

10     Federal Rule of Civil Procedure 12 permits a party to move to dismiss a complaint for

11  "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7).  To determine whether a party

12  must be added to the case under Rule 19 of the Federal Rule of Civil Procedure, courts take a

13  two-step approach.  First, a court must determine whether the absent party is "necessary" to the

14  case. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).  If the party is

15  "necessary," the court must then determine whether that party is "indispensable" so that "in

16  equity and good conscience" the suit should be dismissed. *Id*.  A party is "necessary" under the

17  first step if: (1) "complete relief" is not possible among those already parties to the suit; and (2)

18  the absent party has a "legally protected" interest in the suit. *Id*.  If the court finds that a party is

19  not "necessary," then the court does not need to consider the second step under Rule 19 and the

20  case may continue without the absent party. *Id*. at 559.  "The inquiry is a practical one and fact

21  specific, and is designed to avoid the harsh results of rigid application. The moving party has

22  the burden of persuasion in arguing for dismissal." *Shermoen v. United States*, 982 F.2d 1312,

23  1317 (9th Cir. 1992) (citing *Makah Indian Tribe*, 910 F.2d at 558 (citations omitted)).

24

25

### B.  Motion to Strike

The Court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion. *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).  However, federal courts disfavor motions under Rule 12(f) and generally view them as a drastic remedy. *See*, *e.g.*, *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012); *Mag Instrument, Inc. v. JS Products Inc.*, 595 F. Supp. 2d 1102, 1006 (C.D. Cal. 2008); *Sorenson v. Countrywide Home Loans, Inc.*, 2010 WL 308794, at *2 (E.D. Cal. Jan. 12, 2010).  "If the court is in doubt as to whether challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits." *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011) (citing *Whittlestone, Inc. v. HandiCraft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

## III.   DISCUSSION

### A.  Motion to Dismiss, (ECF No. 58)

Defendants Villasenor and Rogers assert that Dr. Graham Wilson ("Dr. Wilson") is a necessary and indispensable party under Rule 12(b)(7).[5] (Mot. Dismiss 1:26–28).  Specifically, they allege that: (1) complete relief cannot be accorded among the Defendants without joining Dr. Wilson, who is a witness to some of the facts alleged in the Complaint; and (2) Dr. Wilson has an interest in the suit given that he "provided all the Medicare services alleged by [the

---

[5] Defendants Rogers and Villasenor also cite Nevada Rule of Civil Procedure 12(b)(6) as a ground for dismissing Plaintiff's Complaint. (Mot. Dismiss 1:22–25).  This Court is not governed by the Nevada Rules of Civil Procedure in this suit.

Government] to be FCA violations." (*Id.* 1:26–2:6).  The Government contends that Dr. Wilson, at most, assisted and enabled Defendants in committing their fraud and therefore, Dr. Wilson is not a necessary party to this suit. (Govt's Resp. to Mot. Dismiss 2:17–22, ECF No. 60).  The Court considers whether it could order complete relief without Dr. Wilson's presence and if Dr. Wilson has a legally protected interest in the suit.

i.   Complete Relief under Federal Rule of Civil Procedure 19(a)(1)(A)

Defendants Villasenor and Rogers first assert that dismissal is required because complete relief cannot be accorded without Dr. Wilson. (Mot. Dismiss 1:26–28).  Specifically, they appear to argue that Dr. Wilson is necessary because he provided key testimony in the underlying suit. (*Id.*).  The Government, in its Response, contends that Dr. Wilson merely assisted and enabled Defendants Villasenor and Rogers in committing their fraud. (Govt's Resp. to Mot. Dismiss 3:5–11).  Because FCA liability rests solely on Defendants Villasenor and Rogers, the Government asserts that Dr. Wilson is not a necessary party to this suit. (*Id.* 3:9–11).

Though Defendants Villasenor and Rogers identify Dr. Wilson as a potentially liable party, this is not sufficient to make Dr. Wilson a necessary party to this suit.  "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990) (citing cases).  In fact, "[t]he Advisory Committee Notes to Rule 19(a) explicitly state that 'a tortfeasor with the usual "joint-and-several" liability is merely a permissive party to an action against another with like liability.'" *Id.* (citation omitted).  Indeed, the False Claims Act allows for joint and several liability. *Mortgages, Inc. v. U.S. Dist. Court for Dist. of Nev. (Las Vegas)*, 934 F.2d 209, 212 (9th Cir. 1991) ("[w]here one or more persons have committed a fraud upon the government in violation of the [False Claims Act], each is joint and severally liable for the treble damages and statutory penalty.").

Here, the Government alleges that Defendants are primarily responsible under the False Claims Act for not only submitting false claims, but for also directing other physicians employed by LASR—like Dr. Wilson—to submit false claims on their behalf. (Compl. ¶¶ 32–48). For example, the Government alleges that Villasenor and Rogers instructed physicians to perform a service known as prolotherapy and submit a claim under CPT Code 20926, even though prolotherapy is not covered by Medicare.[6] (*Id*. ¶ 32). The Government further alleges that Defendants Villasenor and Rogers directed LASR physicians to place false and misleading statements in their medical records to create the false impression that the prolotherapy service qualified under CPT Code 20926. (*Id*. ¶ 33). While Dr. Wilson may be jointly and severally liable for submitting false claims on behalf of Defendants Villasenor and Rogers, the FCA liability of Defendants Villasenor and Rogers may be resolved without Dr. Wilson's presence. *See United States v. Janke*, 2009 WL 2525073 *2 (S.D. Fla. Aug. 17, 2009) (holding that it is not necessary to join all joint tortfeasors to provide full relief to the plaintiff because the United States may obtain complete relief from the Defendants"); *see also Kwasniewski v. Sanofi-Aventis U.S., LLC*, No. 2:12-CV-00515-GMN, 2013 WL 5882749, at *3 (D. Nev. Oct. 29, 2013) (finding that potentially liable parties are not considered "necessary parties" under Fed. R. Civ. P. 19(a)). Indeed, there is no suggestion that Dr. Wilson's absence would preclude the court from fashioning meaningful relief among the existing parties. *See Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship & Training Comm.*, 662 F.2d534, 537 (9th Cir. 1981) (while desirable to join all 4500 employers to eradicate sex discrimination in the industry, relief

---

[6] The Government also alleges that Defendants Villasenor and Rogers instructed LASR physicians to "submit claims . . . for services which had been performed by a supplier other than the supplier whose name appeared on the claim" and "submit claims . . . for performing nerve block injections on LASR patients which had not actually been performed by any supplier." (Compl. ¶¶ 38, 44).

on plaintiff's claims along could against the defendant can be afforded by an injunction alone). Accordingly, Court finds that Dr. Wilson is not a necessary party under Rule 19(a)(1)(B).[7]

ii.   Claimed Interest under Federal Rule of Civil Procedure 19(a)(1)(B)

Defendants Villasenor and Rogers further argue that Dr. Wilson has a claimed interest in the suit given that Dr. Wilson "provided all the Medicare services alleged by the [Government] to be FCA violations." (Mot. Dismiss 2:1–5).  The Government asserts that Dr. Wilson has not claimed any interest in the suit, and that alone justifies denying the Motion. (Govt's Resp. to Mot. Dismiss 4:7–8).  Nevertheless, because Dr. Wilson provided the alleged medical services and further benefitted from the money received from the allegedly false claims, Defendants Villasenor and Rogers assert that Dr. Wilson's absence will leave the existing parties subject to double, multiple, or otherwise inconsistent obligations. (Reply 2:13–5:14).

Under Rule 19(a)(2), the absent party must have a "legally protected interest in the suit." *Makah Indian Tribe*, 910 F.2d at 558.  Such interest "must be more than a financial stake and more than speculation about a future event." *Id.* (citations omitted).  Here, Defendant Villasenor and Rogers fail to establish that Dr. Wilson maintains a legally protected interest in the suit. *See, e.g.*, *Northern Alaska Environmental Center v. Hodel*, 803 F.2d 466, 468 (9th Cir. 1986) (finding that the parties at interest do not have a claimed interest under Rule 19(a)(2) because the parties "do not possess the requisite legally protected interest in the subject matter").  Defendant Villasenor and Rogers allege that Dr. Wilson has an interest because he provided all the Medicare services underlying the allegedly false claims. (Mot. Dismiss 2:1–5). This interest, however, is not a legally protected interest in the FCA liability of Defendants Villasenor and Rogers.  In addition, Dr. Wilson has not asserted an interest in this suit and, thus

---

[7] Defendants Villasenor and Rogers further claim that Dr. Wilson's recent stroke suggests that his testimony is unreliable and therefore, somehow suggests that Dr. Wilson is a necessary party to the suit. (Mot. Dismiss 2:22–3:10).  The Court finds that this argument is immaterial.  Dr. Wilson's reliability does not support whether he is a necessary party to the suit.

far, has maintained a neutral position. *See Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043–44 (9th Cir. 1983) (finding that the Government does not have a claimed interest because "[t]he Government is not a party to any of the [agreements at issue] and has never asserted a formal interest in either the subject matter of this action or the action itself."); *see also United States v. Sabine Shell, Inc.*, 674 F.2d 480, 483 (5th Cir. 1982) (finding that purportedly necessary parties' failure to claim interest, despite awareness of litigation, undermined claim that they were required to be joined under Rule 19). Though Dr. Wilson may have an interest in the suit, a non-legally protected interest is not sufficient to establish a claimed interest under Rule 19(a)(2). Accordingly, the Court finds that Dr. Wilson is not a necessary party to the suit and therefore denies the Motion to Dismiss by Defendants Villasenor and Rogers.[8]

### B. Motion to Strike, (ECF No. 64)

Defendants Villasenor and Rogers additionally request the Court strike Paragraph 32 of the Complaint because the Government's use of "prolotherapy" is false and scandalous.[9] (Mot. Strike 2:9–19). The Government argues that Defendants fail to meet their heavy burden in demonstrating that the statements regarding prolotherapy are scandalous, derogatory, redundant, or prejudicial. (Govt.'s Resp. to Mot. Strike 3:5–4:5, ECF No. 66). Instead, Defendants appear to challenge the truth of the allegation, which, the Government argues, is not a proper reason to strike Paragraph 32 of the Complaint under Rule 12(f). (*Id*. 4:6–21).

---

[8] Because the Court finds that Dr. Wilson does not have a claimed interest in this suit, the Court is not required to reach Defendant Villasenor's and Roger's arguments regarding the factors in clauses (2)(i) and (ii) under Rule 19(a). *See N. Alaska Envtl. Ctr. v. Hodel*, 803 F.2d 466, 468 (9th Cir. 1986) ("If the interest requirement is not satisfied [under Rule 19(a)(2)], [the Court] need not reach the factors in clauses 2(i) and (ii).").

[9] Paragraph 32 of the Complaint alleges: "Villasenor and Rogers instructed physicians employed by LASR to perform a service for their patients consisting of drawing, centrifuging, and then reinjecting a portion of a patient's own blood. This procedure is known as prolotherapy. This procedure did not satisfy the descriptor for CPT Code 20926, because it was not a tissue graft. This procedure also was not covered by Medicare, because prolotherapy is not covered by Medicare. Medicare National Coverage Decision 150.7." (*See* Compl. ¶ 32).

Defendants fail to explain how Paragraph 32 is "redundant, immaterial, impertinent, or a scandalous matter" pursuant to Rule 12(f). Instead, Defendants Villasenor and Rogers argue that Paragraph 32 is a false statement of fact because neither the American Medical Association (AMA) nor Medicare endorse the Government's use of the term "prolotherapy." (*Id*. 2: 23–24). "If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits." *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011). Because Defendants Villasenor and Rogers challenge the factual accuracy of the term "prolotherapy," and do not allege another sufficient reason under Rule 12(f), the Court denies the Motion to Strike.[10]

## IV.   <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 58), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike, (ECF No. 64), is **DENIED**.

**DATED** this ___9___ day of February, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[10] Defendant Villasenor and Rogers also claim that Paragraph 32 is scandalous. (Mot. Strike 2:10). However, they fail to explain how the Government's definition of "prolotherapy" is scandalous. *See Sirois*, 285 F. Supp. 3d at 1162 (defining scandalous matter as allegations that "bear[] no possible relation to the controversy" or "cause prejudice to the objecting party.").